If it please the Court, my name is Michael Bigelow, and I represent the appellant in this matter. I'd like to start out by suggesting that if rare and exceptional circumstances are indeed the standard in these kinds of cases, the very fact that neither the State nor I have been able to find a single case throughout the nation that addresses these precise points, it seems to suggest that the facts and circumstances of this particular case are indeed rare and exceptional. One does not expect one's daughter to lie. One does not expect, under these circumstances, one's daughter to become ill. But that's exactly what happened. And because that happened, Petitioner didn't come up with a lawyer in time to get his brief timely filed. Since Maples, we know categorically that a lawyer who abandons his client, or at least a client who is, better stated, a client who is abandoned by his lawyer, is entitled to equitable tolling. I don't think there's any dispute about that. Not now. This district court judge didn't have the benefit of Maples. Maples, I think, was decided in the October term of 2011. The district court judge here decided this case in the October term of 2011. Sotomayor, he could have, your client, is that correct? He could have what? He did not have a lawyer. That is correct. He did not. He could have done something on his own. Well, sure. He could have done something on his own. He could have. The question is, was he required to do so. That, I think, is the question before this Court. Diligence is an interesting and that goes to the question of diligence. He was not relying on someone else who was supposed to file something for him. He was not, yes, I apologize, Your Honor. He was not relying on someone else to file something for him. He was relying on his daughter to retain counsel. And alluding to something the AG said in their brief, to retain fine counsel. He was relying on his daughter to retain counsel. She didn't do it. And the AG's argument is really a very simple argument, a very plain argument, and that is, she was no lawyer, and so he can't rely on her because she's only a family member. Well, those of us who have daughters, I think, rely on our daughters as we advance in age. Ginsburg. You speak for yourself, huh? That's right. Those of us who have daughters who are lawyers rely on them to do even more. I've got a daughter, she's a D.A., she's still a lawyer, right? Now, if this, if Ms. Guerrero, Ms. Guerrero had been an attorney herself, what are we going to do? Are we going to say, well, okay, she's in her lawyer? I'm sorry, Your Honor. How often was he in contact with her during that year? Regularly. That's all I can say is regularly. Did it dawn on him at some point that she wasn't getting a lawyer for him? Now, why does it take him a full another year? I mean, he more than doubled the time that the statute allows him to file the spiel. So not only did he blow through the one-year statute of limitations, he let a whole another year plus several months go by before it dawned on him that his daughter wasn't going to come through. Yeah, there's a – Even if he thinks his daughter is extraordinary, he's got to be diligent. Let me – diligence is an interesting concept. You're right. He's got to be diligent. If everything goes fine and he files in a timely fashion, he's diligent. But if things don't go right, if he files the wrong papers, relies on the wrong person, files it in the wrong court so that it has to come back to him and does a redo and he's late because of that, he's still being diligent. He is still being diligent. He's still doing something to promote the filing of his claim. He's doing the wrong things. He's relying on the wrong people. He's relying on writ writers. He's relying on wrong advice. He's not relying on a lawyer's advice. And so it comes back, it's a redo and it's late. None of those are extraordinary circumstances. That's fine. I accept that. But he's still being diligent. There's nothing non- or undiligent about his conduct. It's the wrong thing, but he's still being diligent. Here, he is being diligent. He's being diligent. One of the things that he could have done is, yeah, he could have understood or realized that he was out of time. Don't forget. I may have missed this. I didn't understand the answer. I may have just missed it. To Judge Biby's question about how often he was in touch with his daughter. I'm sorry? I didn't understand the answer to the question of how long he was in – how often he was in touch with his daughter. That's unclear, but it was on a regular basis. It was on a regular basis, and that's the best I can do for the Court, and that's the best record I could establish. It was unclear from the declarations, which is the record extant. It's unclear from the record extant how often, but it was regular. But every contact was, I am finding you a lawyer. How much time have I got left? And here's – she says to him, I have been advised effectively. I'm paraphrasing. I forget the exact language. But I've been advised that you have sufficient time. So he relies on that. But she's not an attorney. She hasn't – she hasn't said, I contacted an attorney and he told me that we're I agree with that. So, you know, we've – That's correct. Again, you've doubled – you've doubled the time that the statute allows you. He blows through the one-year statute of limitations and then takes an entire another year. What's the reason? What is the reason he blew through the statute? Because he relied on his daughter. Are we elevating the lawyer status because I've got a ticket in my pocket to that above a daughter? Well, it might be more reasonable if one were relying on a family member who was a to do this rather than taking legal advice from his daughter who's been telling him for two years that she'll get him a lawyer and hasn't done it and is not a lawyer herself. So we're going to get an order from this court that is precedent that says, lawyer, it's unreasonable for a father to rely on his daughter and to trust his daughter who is lying to him. Counsel, where is the end of the principle you're arguing here? Is he at five years? Is he at – there's no statute of limitations if he continues to rely on his daughter for another five years? How long – well, okay. How long may he be – how long may he be diligent and his diligence – and that's a question for this Court to answer. I can't answer it. It's not there. It's not in the books. How long may he – his diligence continue, but effective or timely filing be thwarted by exceptional circumstances? Now, in Maples, for example, how long – I don't know how long Maples went. I should have looked it up and I didn't. But in Maples, Maples would suggest that he had a lawyer. I'm sorry? The whole point of Maples was that he had a lawyer. Well, but his lawyer abandoned him. I mean, you're right. I mean, we're talking about whether a – whether an agent must be – must an agent be a lawyer in these kinds of circumstances. That's a question I guess the Court is going to answer. It's my submission that an agent does not have to be a lawyer. An agent may be a trusted family member. We know that agents – we know that agents can't be writ writers. We know that – You're down to 45 seconds. I understand. I understand. I've written enough. I've argued enough. I've got 45 seconds to continue to argue, and I'm good. Thank you. We know that agents – it's unreasonable to rely on writ writers. It's unreasonable to rely on the post office. We know that it's unreasonable to – I'm not sure about the post office, but it's unreasonable to rely on clerks. Is it unreasonable to rely on a trusted daughter? Is it unreasonable to expect that daughter not to lie to her father? And I say – But over the period of time, at what point? Is it unreasonable to rely on her to find a lawyer within three months with a one-year statute of limitations? Okay. And I've got to go back. I have to go back to Maples. I have to go back to Maples. There we have an agent, and I'm going over it, but there we have an agent who was – who is accepted by all courts, a lawyer, a practicing lawyer, big law firm, as a matter of fact, a couple of big law firms, if I recall correctly. The client probably would have been diligent two or three years down the road, and as long as the client continued to take the action he did with respect to those specific law firms, and those specific law firms kept shining them on, misrepresenting that, yeah, we're taking care of it, that sort of thing, the things that happened in Maples, I submit that that continued diligence probably could have gone on two or three years or four years. I understand the Court's concern about the fact this took over a year to happen. I don't see the difference. I don't see the difference between a trusted family member, a daughter, under these circumstances, who is lying and falling ill, all beyond the client's perspective. And now I'm going into argument, and I'll get out of here. Thank you very much. Good morning. May it please the Court. Brian Smiley from the California Attorney General's Office, representing the Warden. As we've been discussing, to receive equitable tolling to extend the statute of limitations period, inmate Guerrero has to show both reasonable diligence, not maximum feasible diligence, but reasonable diligence, and that an extraordinary circumstance prevented him from filing on time. It's not my position that he was unreasonable for asking his daughter to get him a lawyer. I can see how he would do that. He's incarcerated, and he asks his daughter, who he's in contact with, to get a lawyer. The problem is that as the weeks and months go by, he can't place total and exclusive reliance on his daughter when no attorney is retained, and he's in regular contact with her, and she keeps blowing him off. But eventually, he has to take matters into his own hands. As the Mad Tray judge said, he sat on his hands for the entire limitations period and even for a year after that. And while it was not unreasonable for him to ask for his daughter to help him out, that never delegated the duty to file a Federal habeas petition on time to anybody other than the inmate. The strongest Supreme Court precedent that you rely on is what? Supreme Court precedent? Pace v. DiGuglielmo? Pace v. DiGuglielmo, which sets out a diligence requirement. And in that case, they held the Petitioner responsible for delays that occurred before the limitations period was enacted by Congress. The guy had delayed in Pennsylvania State court, and they found that that delay was unreasonable. And then there was also a five-month period in Pace after the Petitioner had completed all of his post-conviction review that he waited to file his Federal habeas petition, and they separately said those five months lacked diligence to qualify him for equitable tolling. This is a very strong case on diligence. Do you want to comment briefly on Maples? Yes. As Your Honor pointed out, Maples is a case which involves counsel. You know, I think one thing that's really important to note, though, that even in Maples, it's not that when you have an attorney, then the Petitioner is no longer responsible for filing on time. The duty is really nondelegable. That's the general rule, whether or not you have an attorney. Even if you have an attorney, you are bound by his acts or omissions. So if your attorney fails to file on time, generally, you're going to be responsible for that. That's why the Supreme Court has said in Holland v. Florida that garden variety acts of negligence, they miscalculated the statute of limitations is a common one, that you're going to be attributable, that omission will be attributable to you, the Petitioner was essentially reduced to pro se status. He didn't even know it, but his attorneys from these big firms that my colleague mentioned had taken off. One took a job in Europe, another one went somewhere else, and they never even communicated to the Petitioner. He didn't know, and there was really no reasonable way he could have. So in that kind of extraordinary situation, where there's that kind of malfeasance on the part of counsel, in that situation, you can't really fairly hold the client responsible for the omissions of the attorney. But in this case, we don't even have that, because as you were pointing out, as you asked, Judge Breybe asked my colleague, they were in contact on a regular basis, like apparently throughout the two-year period, when the first year, when the limitations period ran, and the second year before they finally hired an attorney. So there wasn't even an abandonment by the daughter, if you wanted to try and analogize it to an attorney. If there's no other questions, I'll submit. Thank you, Your Honor. Thank you, counsel, for the argument. The case is submitted.
judges: Battaglia, Schroeder, Bybee